## COLUMBIA MUTUAL CASUALTY
## INSURANCE COMPANY *v.* Trehlan INGRAHAM

94-1162 896 S.W.2d 903

Supreme Court of Arkansas
Opinion delivered May 8, 1995

*Roy & Lambert*, by: *Jerry L. Love*, for appellant.

*John W. May Law Office*, by: *John W. May*, for appellee.

DAVID NEWBERN, Justice. Trehlan Ingraham, the appellee, applied for casualty insurance to be provided by the appellant, Columbia Mutual Casualty Insurance Company (Columbia), for a residence he owned. He did so at the Rowe Insurance Agency in Farmington where he was assisted by Ms. Spears, an agency employee. The application form Mr. Ingraham signed included a 30-day binder. He gave Ms. Spears a check for the premium covering one year. Columbia rejected the application within the 30-day period and so informed the Rowe Agency which did not inform Mr. Ingraham of the rejection. Some 56 days after the application was executed the residence burned. The issues before the Trial Court were primarily whether the written binder agreement had been modified orally to extend coverage beyond the 30 days and whether Ms. Spears had authority to agree to modify the binder on behalf of Columbia. A jury awarded Mr. Ingraham $26,000, the amount for which the residence was insured. We agree with Columbia's contention that its motion for directed verdict should have been granted.

Mr. Ingraham's contention at the trial and now is that his conversation with Ms. Spears resulted in an oral modification of the written agreement shown on the application form provided to the Rowe Agency by Columbia. He testified Ms. Spears told him the dwelling would be insured the minute he walked out the agency door, and that "it was supposed to last for a year." He testified Ms. Spears told him he would have to install gas heat with a thermostat instead of the wood-burning device then in place. Ms. Spears testified she was not surprised that Mr. Ingraham assumed the dwelling was covered for a year. She testified she "held herself out" as having the authority to bind Columbia to provide insurance until a policy was issued or rejected. She did not, however, testify that she told Mr. Ingraham that; nor did she tell him the binder was only for 30 days. She did say she "could have" told him her opinion that the binder was good beyond a 30-day period. Both testified they did not discuss the binder language, and Mr. Ingraham said he did not read it.

The question before us is not simply whether an oral modification was reached. We need not even reach that issue in view

of our conclusion that the evidence was insufficient to show Ms. Spears had the authority to bind Columbia beyond the terms of the written application and binder.

█ In *Dodds* v. *Hanover Ins. Co.*, 317 Ark. 563, 880 S.W.2d 311 (1994), we distinguished between a general insurance agent and a soliciting agent:

> A general agent is ordinarily authorized to accept risks, to agree upon the terms of insurance contracts, to issue and renew policies, and to change or modify the terms of existing contracts. A soliciting agent is ordinarily authorized to sell insurance, to receive applications and forward them to the company or its general agent, to deliver policies when issued and to collect premiums. *Holland* v. *Interstate Fire Ins. Co.*, 229 Ark. 491, 316 S.W.2d 707 (1958). In addition, a soliciting agent has no authority to agree upon the terms of the policies or to change or waive those terms, nor can his knowledge be imputed to the company he represents. *Id. See also Continental Ins. Cos.* v. *Stanley*, 263 Ark. 638, 569 S.W.2d 653 (1978).

█ An oral agreement to insure will be enforced if made by a general agent. *Commercial Standard Ins. Co.* v. *Moore*, 237 Ark. 845, 376 S.W.2d 675 (1964). Counsel for Mr. Ingraham conceded in oral argument that he is not contending Ms. Spears was or worked for a general agent but that she, by virtue of having told Mr. Ingraham to change his heating system, and by her other actions, presented apparent authority to bind Columbia in excess of the written agreement. The only evidence whatsoever that Columbia had clothed Ms. Spears or her agency with such authority was her deposition testimony, apparently introduced by way of impeachment on cross-examination. She said someone at Columbia once told her that a binder was effective during the usual "turn-around period." Ms. Spears testified the turn-around time was often in excess of 30 days. She could not remember the name of the Columbia employee who said a binder could last longer than 30 days.

Penny Moore, an underwriter working for Columbia, testified Columbia's normal turn-around time from receipt of application until issuance of a policy or rejection of the application was two or possibly three weeks. In this case, it was nine days.

She also testified that Columbia records showed no money was forwarded to Columbia with the application of Mr. Ingraham.

 In *Henry* v. *Gaines-Derden Enter., Inc.*, 314 Ark. 553, 863 Ark. 828, (1993) we reiterated the definition of apparent authority:

> Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing; such authority as he appears to have by reason of the actual authority which he has; such authority as a reasonably prudent man, using diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. . . .

A statement that some unknown person at Columbia once told Ms. Spears that a binder remained good during the usual turn-around time hardly constitutes substantial evidence that Ms. Spears was clothed with apparent authority to extend the coverage period of a written binder-application agreement.

 In *Dixie Life & Acc. Ins. Co.* v. *Hamm,* 233 Ark. 320, 344 S.W.2d 601 (1961), we quoted with approval the following language from earlier cases:

> "A principal is not bound by the acts and declarations of an agent beyond the scope of his authority. A person dealing with an agent is bound to ascertain the nature and extent of his authority. No one has the right to trust to the mere presumption of authority, nor to the mere assumption of authority by the agent."

*Cf. General Cas. Co. of America* v. *State*, 229 Ark. 485, 316 S.W.2d 704 (1958), in which we held that one dealing with an agent clothed with a broad power of attorney was not considered to be on notice of secret limitations placed on the agency by the principal.

Mr. Ingraham has presented nothing from which a jury could reasonably conclude Ms. Spears or the Rowe Agency had apparent authority, beyond that of a soliciting agent. Nothing was presented to show they had the authority, apparent or otherwise, to bind Columbia beyond the terms of the form it had provided the Rowe Agency for insurance applications.

Reversed and dismissed.