William MASHBURN *v.* MEEKER SHARKEY
FINANCIAL GROUP, INC., d/b/a Kurmin Marine Insurance
Agency, and Margaret Sadowski

99-583                                    5 S.W.3d 469

Supreme Court of Arkansas
Opinion delivered December 9, 1999

*Slagle & Gist*, by: *Richard L. Slagle*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Scott M. Strauss* and *Glenn W. Jones*, for appellees.

ROBERT L. BROWN, Justice. Appellant William Mashburn appeals a grant of summary judgment in favor of appellees Meeker Sharkey Financial Group, Inc. d/b/a Kurmin Marine Insurance Agency (Meeker Sharkey), and Margaret P. Sadowski, an employee of Meeker Sharkey. Mashburn contends that the trial court erred when it premised summary judgment in favor of the insurance agents, Meeker Sharkey and Sadowski, on a subrogation receipt which released the insurer, American Eagle Insurance Company. We affirm the trial court, but we do so for a different reason.

Mashburn alleged the following facts in his amended complaint. On October 31, 1996, Mashburn purchased a 35-foot Ericson yacht/sailboat in Miami, Florida. In order to obtain financing for the boat, he had previously purchased an insurance binder from the insurance agency, Meeker Sharkey. The binder showed American Eagle as the carrier. He had informed Margaret Sadowski, the agent he dealt with at Meeker Sharkey, that he planned to sail the

boat from Miami to Destin, Florida by taking a route around the Florida Keys and through the Gulf of Mexico. The boat would then be trucked to Lake Ouachita in Garland County. His application for insurance to American Eagle dated October 31, 1996, confirms the navigation route. However, the binder that was issued on October 28, 1996, only showed coverage in the waters along the eastern United States from Georgia to Maine.

On November 11, 1996, Mashburn set sail from Miami. On November 14, 1996, his boat was caught in a severe storm which disabled the steering gear, and the boat was blown off course and ended up beached on a coral head off the coast of Cuba. That same day, Mashburn called Meeker Sharkey from Cuba and left a message on its answering machine that his boat had been wrecked. On November 15, 1996, Mashburn talked directly to Sadowski by telephone and was informed by her that his boat was not covered in Florida waters or Cuban waters, but only in the waters along the east coast from Georgia to Maine. According to Mashburn, he attempted to convince Sadowski that this was incorrect and that a clerical error had been made. He was told, according to his complaint, that he was out of his coverage area and that no benefits would be forthcoming.

Mashburn next took steps to salvage the boat by having it removed from the coral head and placed in a marina in Cuba where repairs began. Over the course of the next month, Mashburn missed time from his job, incurred living expenses in Cuba, incurred traveling expenses from Cuba to the United States, and became financially obligated for the marine repairs. In his complaint, he claimed that these expenses were in excess of $67,000.

On February 11, 1997, the insurer of the boat, American Eagle, acknowledged that the boat was covered and settled with him for the policy value of the boat and personal property. The complaint stated that the settlement amount was $48,000.[1]

Mashburn further claimed in his complaint that Meeker Sharkey and Sadowski owed a duty of care to him to issue the correct insurance binder and to act in good faith. He asserted that

---

[1] According to the affidavit of William Embry, Senior Liabilities Specialist with American Eagle, the settlement was for policy limits in the amount of $49,000 less a $2,100 salvage retention deduction and $1,350 for personal items less a $250 deductible.

they were negligent in issuing the wrong binder and in telling him he had no coverage after the wreck at sea. He prayed for damages in excess of $67,000.

Meeker Sharkey and Sadowski had moved for summary judgment following Mashburn's original complaint, and that motion was denied. After additional discovery, Meeker Sharkey and Sadowski moved for reconsideration and the motion for summary judgment was granted. The trial court ruled that Meeker Sharkey and Sadowski were entitled to summary judgment because Mashburn had released American Eagle and a release of the insurer also released the agents of the insurer. This was a reference to the subrogation receipt signed by Mashburn on February 14, 1997, where he subrogated and released to American Eagle all rights against any entity with respect to his loss and damages.

On appeal, Mashburn claims that the trial court erred in granting summary judgment because factual issues remain to be resolved and because the release of an insurance company does not release its negligent agents unless that release so specifies.

Our standard of review for summary judgment has been often stated by this court:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Nixon v. H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell v. St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison v. Charles E. Davis & Assoc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan v. City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991). Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. Ark. R. Civ. P. 56(c); *Short v. Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988); see also *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

....

> It is further well-settled that once the moving party establishes a *prima facie* entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See Ford Motor Credit Co. v. Twin City Bank*, 320 Ark. 231, 895 S.W.2d 545 (1995); *Wyatt v. St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 868 S.W.2d 505 (1994).

*Renfro v. Adkins*, 323 Ark. 288, 296, 914 S.W.2d 306, 310 (1996) (quoting *Cash v. Lim*, 322 Ark. 359, 361–362, 908 S.W.2d 655, 656–657 (1995)).

■ The trial court in its letter opinion and summary-judgment order relied on the fact that the subrogation receipt signed by Mashburn released his rights to American Eagle and that this receipt also had the effect of releasing Meeker Sharkey and Sadowski. We do not reach that issue because we agree with the appellees that they owed no duty to Mashburn regarding his claim for insurance benefits.

Mashburn first contends that Meeker Sharkey and Sadowski were negligent in preparing the insurance binder, which contained the wrong coverage area. Despite that error, we are at a loss to see how the incorrect binder by itself resulted in any damage to Mashburn. The Yacht Application signed by Mashburn and sent to American Eagle three days later showed the correct region to be navigated. And Mashburn forthrightly admits that American Eagle honored the insurance binder and paid the policy limits. In fact, according to his deposition, Mashburn knew his claim was covered by American Eagle as early as December 2, 1996. Damages are a necessary element for one to prevail in a cause of action for negligence. *See Avery v. Ward*, 326 Ark. 829, 934 S.W.2d 516 (1996). Without proof that any damages were incurred solely due to Sadowski's erroneous preparation of the insurance binder, Mashburn's claim based on this ground must fail.

■ The gravamen of Mashburn's complaint is his claim that Sadowski negligently advised him after the shipwreck that he had no coverage for his boat in Cuban waters and that he suffered damages as a direct result of this erroneous advice. In resolving this claim of negligence, we first must explore whether a duty to use ordinary care was owed by Meeker Sharkey and Sadowski to Mash-

burn in settling his insurance claim. If no duty of care is owed, the negligence count is decided as a matter of law in favor of the defendant, and summary judgment is appropriate. *See Dunn v. Westbrook,* 334 Ark. 83, 971 S.W.2d 252 (1998); *Smith v. Hansen,* 323 Ark. 188, 914 S.W.2d 285 (1996).

■ We first take note of the fact that the trial court found that Sadowski acted as a "sales agent" for American Eagle. A sales or soliciting agent is ordinarily authorized to sell insurance, to receive applications and forward them on to the carrier or its general agent, to deliver the policies when issued, and to collect premiums. *See Columbia Mut. Cas. Ins. Co. v. Ingraham,* 320 Ark. 408, 896 S.W.2d 903 (1995); *Holland v. Interstate Fire Ins. Co.,* 229 Ark. 491, 316 S.W.2d 707 (1958).

The affidavit of William Embry, Senior Liabilities Specialist for American Eagle, attests to the fact that Meeker Sharkey had no authority to settle or deny claims arising under American Eagle policies. Sadowski's affidavit confirms that fact. These affidavits were not contested by Mashburn. Indeed, he acknowledged in his deposition that he knew that insurance agents sell policies and insurance companies handle and pay claims, although he also was resting on the mistaken belief that Sadowski was part of American Eagle. Substantiating this point is the fact that, according to his affidavit, Mashburn had his office in Arkansas contact American Eagle about his claim after he talked to Sadowski.

In short, Margaret Sadowski had no authority to settle Mashburn's claim. She was a sales agent who did not handle claims for American Eagle, and there is no contention by Mashburn that she was holding herself out as one who did. Moreover, American Eagle paid Mashburn's claim under its policy in full, and Mashburn did not contest the manner in which the insurer processed and paid his claim

■ We affirm the trial court for the reason that no duty was owed by Meeker Sharkey or Sadowski to Mashburn regarding the payment of his claim.

Affirmed.