John MARLAR and Brad Marlar  *v.*
William Dennis DANIEL

06-386                                    247 S.W.3d 473

Supreme Court of Arkansas
Opinion delivered January 18, 2007

*Depper Law Firm*, by: *Robert L. Depper, Jr.*, for appellants.

*Harrell, Lindsey & Carr, P.A.*, by: *Searcy W. Harrell, Jr.*, for appellee.

Aɴɴᴀʙᴇʟʟᴇ Cʟɪɴᴛᴏɴ Iᴍʙᴇʀ, Justice. This is an appeal from a grant of summary judgment in favor of Appellee William Dennis Daniel ("Daniel"). On February 7, 2005, Appellants John Marlar and Brad Marlar ("the Marlars") filed a complaint asserting that Daniel issued an appraisal report on August 23, 1995, relating to "certain properties" owned separately by the Marlars.[1] The report had been prepared at the request of an attorney representing John Marlar's estranged wife, Paula, in a divorce proceeding.[2] The complaint alleged that Daniel's report was based upon erroneously and negligently gathered information and that Daniel's testimony during the divorce proceedings proximately caused the Marlars to sustain damages. The Marlars also asserted a tort-of-outrage claim against Daniel, alleging that he intentionally issued a false appraisal report in order to "retaliate against sole plaintiff, John Marlar, by whatever means."

Pursuant to Rules 8 and 12(b) of the Arkansas Rules of Civil Procedure, Daniel promptly filed a motion to dismiss, asserting that the complaint should be dismissed for failure to state facts upon which relief may be granted. He also asserted a claim of absolute privilege in connection with the testimony given in a judicial proceeding.[3]

Following various amendments to the pleadings and a hearing on January 9, 2006, the circuit court determined that the motion to dismiss should be treated as a motion for summary judgment. By letter dated January 11, 2006, the circuit court issued its opinion, concluding in relevant part as follows:

> [The Marlars'] complaint does not identify any specific acts of the defendant that would constitute negligence. [They] allege that [Daniel] owed a duty to them as members of the public to prepare and present an accurate appraisal report as evidence of the divorce case. [Daniel's] testimony was submitted solely on behalf of his client, Paula Marlar, who is not a party in this case. [The Marlars] have failed to allege facts sufficient to constitute a breach of any legal

---

[1] An earlier complaint filed in 1998 had been dismissed without prejudice on July 22, 2004, for lack of prosecution.

[2] The divorce decree was entered on September 20, 1996.

[3] In a subsequent pleading, Daniel asserted a statute-of-limitations defense. The parties, however, have not raised that defense in this appeal; thus, the issue is not before us.

duty owed by [Daniel] to either [of them]. The question of what duty, if any, is owed to plaintiff alleging negligence is always a question of law and never one for the jury.

. . . .

In this case [the Marlars'] pleadings clearly do not state facts sufficient to constitute the tort of outrage. This Court cannot foresee any circumstance under which it would be determined that the allegations alleged by [the Marlars] would be so extreme and outrageous that it is to be considered intolerable in a civilized society. In addition, in reviewing the Letter Opinion of [the judge in the divorce proceeding], there is no indication that the Court even relied upon any specific facts contained within the appraisal report or the testimony of the defendant given in open court in arriving at his decision.

(Citations omitted.) In the absence of any material issue of fact, the circuit court granted Daniel's motion for summary judgment, and an order to that effect was entered on January 17, 2006. From that order, the Marlars now appeal. This appeal involves an issue of first impression; thus, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(b)(1) (2006).

Summary judgment is no longer viewed by this court as a drastic remedy; rather, it is viewed simply as one of the tools in a circuit court's efficiency arsenal. *Smith v. Rogers Group, Inc.*, 348 Ark. 241, 72 S.W.3d 450 (2002). It should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Id.* All proof must be viewed in the light most favorable to the nonmoving party, and any doubts must be resolved against the moving party. *Id.* Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.*

For their first point on appeal, the Marlars argue that the circuit court erred when it granted summary judgment on the issue of negligence. Specifically, they argue that "when there exists a licensed appraiser who is supposed to adhere to certain standards, and when those standards are not adhered to, . . . any third party who is injured as a consequence of not complying with the

standards should be allowed to bring suit, if, in fact, the lack of adhering to the standards rises to the level of proximately causing damages."[4]

In support of their argument, the Marlars cite Ark. Code Ann. §§ 4-86-101 (Repl. 2001), 16-114-303 (Repl. 2006), and 16-22-310 (Supp. 2005) for the proposition that "our legislature has told us by the absence of legislation to the contrary that privity of contract between [litigants] is not a requirement in negligence matters." In further support of their argument, they cite the case of *Suneson v. Holloway Construction Co.*, 337 Ark. 571, 992 S.W.2d 79 (1999). The statutes and case law relied upon by the Marlars are, however, inapposite.

First, as to the cited statutory provisions, section 4-86-101 deals solely with actions brought against the manufacturers or sellers of goods. Sections 16-114-303 and 16-22-310 address the liability of attorneys for civil damages. Finally, this court abolished the accepted-work doctrine in *Suneson v. Holloway Construction Co.*, *supra*. Neither the liability of attorneys and sellers of goods nor the accepted-work doctrine is at issue in this case. In addressing the issue of privity of contract, the Marlars misapprehend the crux of a negligence action. The question to be answered here is whether the defendant is under any duty to the plaintiffs.

In order to prove negligence, there must be a failure to exercise proper care in the performance of a legal duty that the defendant owed the plaintiff under the circumstances surrounding them. *Shannon v. Wilson*, 329 Ark. 143, 947 S.W.2d 349 (1997). The law of negligence requires as essential elements that the plaintiff show that a duty was owed and that the duty was breached. *Young v. Paxton*, 316 Ark. 655, 873 S.W.2d 546 (1994). The question of what duty, if any, is owed a plaintiff alleging negligence is always a question of law and never one for the jury. *Lawhon Farm Supply, Inc. v. Hayes*, 316 Ark. 69, 870 S.W.2d 279 (1994); *Keck v. Am. Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983).

---

[4] After John and Paula's divorce, John filed a complaint with the Arkansas Appraiser Licensing and Certification Board, alleging that Daniel's report did not conform with the Uniform Standards of Professional Appraisal Practice, that the report and testimony were not accurate, and that Daniel may have intentionally manipulated the report and testimony so that the divorce court would consider nonexistent items. In a consent order dated April 30, 1997, the board issued a non-published reprimand and a fine of $500 against Daniel "for failure to comply with the Uniform Standards as relates to personal property appraisals."

■ Here, simply stated, Daniel owed no duty to the Marlars. Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other. *Shannon v. Wilson, supra. See* William L. Prosser, *Handbook on the Law of Torts* § 42 at 244 (4th ed. 1971). It is undisputed that Daniel was hired by Paula to appraise real estate and personalty in connection with her divorce action against John Marlar. Under such circumstances, it would not be foreseeable that the Marlars would rely upon a report by the opposing party's expert. Within the context of the adversarial proceeding, Daniel's report and testimony were subject to challenge through discovery and cross-examination by John Marlar's attorney. Thus, mistakes contained in the appraisal report would have been brought to the attention of the judge in the divorce proceeding. Stated otherwise, the relations between one party to the litigation and the adversary's expert witness did not impose upon the expert a legal duty for the other party. Consequently, we find no basis for concluding that Daniel owed a duty to the Marlars in connection with his report and testimony in the divorce proceeding. Moreover, Daniel's duty to the public was vindicated when the Arkansas Appraiser Licensing and Certification Board issued a reprimand and fine for failure to comply with the standards. Therefore, we affirm the circuit court's grant of summary judgment on the issue of negligence, as there was no duty that existed between the parties. If no duty of care is owed, summary judgment is appropriate. *Young v. Gastro-Intestinal Ctr., Inc.*, 361 Ark. 209, 205 S.W.3d 741 (2005).

For their second point on appeal, the Marlars argue that the circuit court erred when it granted summary judgment by ruling, as a matter of law, that Daniel's actions could in no way be construed to rise to the level of conduct constituting the tort of outrage. This argument is without merit.

To establish a claim for the tort of outrage, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected

to endure it. *Crawford v. Jones*, 365 Ark. 585, 232 S.W.3d 433 (2006). The type of conduct that meets the standard for outrage must be determined on a case-by-case basis. *Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000). Our court gives a narrow view to the tort of outrage and requires clear-cut proof to establish the elements in outrage cases. *Id.* Merely describing the conduct as outrageous does not make it so. *Id.*

■ Here, there is nothing in the record before us to indicate any evidence of conduct on the part of Daniel that could be construed to rise to the level required to establish the tort of outrage. Certainly, the allegation that an expert hired by the opposing party in a lawsuit intentionally issued an inaccurate report falls far short of alleging conduct so extreme and outrageous as to be considered intolerable in a civilized society. There was simply no allegation of conduct so outrageous or egregious that would support a cause of action for outrage. Furthermore, the complaint merely recites a bare legal conclusion that Daniel's actions rose to the level of the tort of outrage. Accordingly, the circuit court's summary judgment on this point is affirmed.[5]

Affirmed.

---

[5] In view of our affirmance of the circuit court's summary judgment on the negligence and tort-of-outrage claims, we need not address the third point on appeal in which the Marlars challenge the claim of absolute privilege in connection with testimony given in a judicial proceeding.