2011 Ark. App. 756
**Robert David LEWIS, Appellant**

v.

**AT & T MOBILITY and Metropolitan National Bank, Appellees.**

No. CA 11–473.

Court of Appeals of Arkansas.

Dec. 7, 2011.

Rehearing Denied Jan. 18, 2012.

---

Robert David Lewis, Little Rock, for appellant.

Emmett Bowers Chiles and Bradley G. Dowler, Little Rock, for appellee.

DAVID M. GLOVER, Judge.

This is an appeal from the grant of summary judgment. Appellant David Lewis sued Brandy Phillips, Cody Boyd, AT & T Mobility, LLC, and Metropolitan National Bank for Phillips's use of Lewis's VISA debit card.[1] Specifically, Lewis alleged that AT & T allowed Phillips to use his debit card number on numerous occasions to purchase items or to pay her debts without presentation of the debit card, a PIN number, any identification, or his signature. Lewis asserted that this conduct was negligent on the part of AT & T and that AT & T was liable under the theories of negligence and unjust enrichment for the amount of $6486.69. AT & T filed a motion for summary judgment; Lewis filed a cross-motion against AT & T for summary judgment. The trial court granted AT & T's motion for summary judgment. Lewis now appeals, arguing that the trial court erred in granting summary judgment to AT & T because "[a] retailer which charges a bank customer's debit card when its online computer takes only the card owner's name, address, date of expiration and three-digit security code off the back of the card by the retailer has no view of the identity thief, no signature, no view of the presenter's driver's license and no pin number should not be able to keep the money when sued by the bank customer for negligence and unjust enrichment when the charges are unauthorized by the card holder." We affirm.

Our supreme court has set forth the following view, procedure, and disposition mechanism of motions for summary judgment by parties and courts:

Summary judgment is no longer viewed by this court as a drastic remedy; rather, it is viewed simply as one of the tools in a circuit court's efficiency arsenal. It should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. All proof must be viewed in the light most favorable to the nonmoving party, and any doubts must be resolved against the moving party. Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.

*Marlar v. Daniel,* 368 Ark. 505, 507, 247 S.W.3d 473, 475 (2007) (citations omitted).

### Prologue

This case was presented both to the trial court and on appeal on the common-law theories of negligence and unjust enrichment. There was no attempt to develop state or federal consumer-credit legislation usurping the marketplace, i.e., commerce, in the realm of electronic-fund transfers. As best we can determine, using the parlance of current federal consumer-credit-protection legislation, we have a cardholder (Lewis/Brandy Phillips with apparent authority), his card company (VISA) acting for the benefit of his bank, the card issuer (Metropolitan Bank), and the merchant (AT & T Mobility). From the record, it appears that both Lewis, the card holder, and AT & T, the merchant, had separate

1. Lewis obtained a default judgment against Phillips in the amount of $20,000 in March 2009, and his claims against Metropolitan were dismissed with prejudice in an order filed January 24, 2011. In the order granting summary judgment to AT & T, which is the subject of this appeal, the trial court noted that Cody Boyd was not served within the required 120 days and therefore Lewis's complaint against Boyd was dismissed without prejudice.

contracts with Metropolitan, the card issuer, since a debit card was used. In this alignment of parties, within the field of electronic-fund transfers, there is no direct accounting between AT & T and Lewis; that is, both are contractually bound to their transactions and deal through Metropolitan.

In any action which involves a consumer's liability for an unauthorized electronic-fund transfer, the burden of proof is upon the financial institution:

> In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) of this section have been met, and, if the transfer was initiated after the effective date of section 1693c of this title, that the disclosures required to be made to the consumer under section 1693c(a)(1) and (2) of this title were in fact made in accordance with such section.

15 U.S.C.A. § 1693g(b). This is for Lewis's exclusive benefit as the consumer.

Here, Lewis's claims against Metropolitan were dismissed with prejudice from this lawsuit. The record does not reflect the terms of dismissal. However, it is unnecessary for us to discuss the obligations between AT & T and Metropolitan, as Metropolitan is no longer a party to this case.

#### ⌊₄Negligence

The law of negligence requires as an essential element that the plaintiff show that a duty of care was owed. *Young v. Gastro–Intestinal Center,* 361 Ark. 209, 205 S.W.3d 741 (2005). Duty is a concept arising out of the recognition that "relations between individuals may impose upon one a legal obligation for the other." *Tackett v. Merchant's Security Patrol,* 73 Ark.App. 358, 362, 44 S.W.3d 349, 352 (2001). The issue of whether a duty exists is always a question of law, not to be decided by a trier of fact. *Lacy v. Flake & Kelley,* 366 Ark. 365, 235 S.W.3d 894 (2006). If no duty of care is owed, summary judgment is appropriate. *Id.*

AT & T attached as an exhibit to its motion for summary judgment copies of a booklet produced by Lewis's card company entitled "Rules for Visa Merchants Card Acceptance and Chargeback Management Guidelines." The guidelines define the business relationship between the card company and the merchant. On page forty of that booklet are the fraud-prevention guidelines for card-not-present transactions. The guidelines provide that authorization is required on all card-not-present transactions; that whenever possible, card-not-present merchants should ask customers for their card expiration, or "good thru," date and include it in the authorization request; and that the Card Verification Value 2 (CVV2), the three-digit security number printed on the back of Visa cards to help validate that a customer is in possession of a legitimate card at the time of an order, should be requested from card-not-present customers. AT & T also attached the ⌊₅affidavit of Patti Hancock, the manager of AT & T's payment-fraud department during the relevant times. Hancock stated that credit-card and debit-card companies establish the information required to process card-not-present transactions, which typically require the name of the cardholder, the cardholder's billing address and zip code, the expiration date of the card, and the CVV number, which is the three-digit security code on the back of a credit or debit

card. Hancock stated that Brandy Phillips had an account with AT & T; that beginning in March 2007 and continuing through March 2008, Phillips paid her monthly mobile-phone bill with Lewis's Visa card through the online account manager; and that AT & T accepted this payment because Phillips had all of the information necessary—Lewis's name, billing address and zip code, the card's expiration date, and the CVV number—to process a card-not-present payment. She further stated that Lewis did not report Phillips's unauthorized use until April 2008.

Lewis's response to AT & T's motion for summary judgment merely stated that AT & T took money out of his account without his signature or permission or without hearing a voice or seeing a face; that it was difficult to discover the transactions because he, too, had his own AT & T cell-phone bill that was also paid monthly; and that identity theft was rampant and it was because companies such as AT & T did not take reasonable steps to ascertain whether the debit from the account was authorized by the owner of the account.

Lewis fails to establish that AT & T owed him a duty to obtain his permission or his signature to process a card-not-present transaction. Lewis does not contend that AT & T failed to obtain the information necessary to process a card-not-present transaction, and he concedes in his brief that a merchant need only obtain the information AT & T obtained to verify a card-not-present transaction. In fact, he admitted in his brief that he had used the card-not-present transaction option himself. Lewis cites to no authority that mandates a duty upon AT & T greater than what was required (and what was performed) when processing a card-not-present transaction. He has failed to meet proof with proof regarding the summary-judgment motion; without proof of a duty owed to Lewis by AT & T, a grant of summary judgment to AT & T was appropriate.

Furthermore, as AT & T points out, federal law protects consumers. A consumer shall be liable for any unauthorized electronic fund transfer involving his account only if the card was an accepted card and the issuer of such card has provided a means whereby the user of the card can be identified as the person authorized to use it, such as by signature, photograph, or fingerprint or by electronic or mechanical confirmation; however, in no event shall a consumer's liability for an unauthorized transfer exceed the lesser of $50 or the amount of money or value of property or services obtained in such unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected. 15 U.S.C.A. § 1693g(a). However, reimbursement need not be made to the consumer for losses the financial institution establishes would not have occurred but for the failure of the consumer to report within sixty days of transmittal of the statement any unauthorized electronic fund transfer or account error which appears on the periodic statement. *Id.* Here, Lewis failed to report the unauthorized charges until a year after they began occurring. Still yet, such reports would be made to the *financial institution,* not the individual merchant.

### Unjust Enrichment

"To find unjust enrichment, a party must have received something of value, to which he was not entitled and which he must restore. There must also be some operative act, intent, or situation to make the enrichment unjust and com-

pensable. The basis for recovery under this theory is the benefit that the party has received and it is restitutionary in nature." *Dews v. Halliburton Indus., Inc.,* 288 Ark. 532, 536–37, 708 S.W.2d 67, 69 (1986) (citations omitted). In this case, AT & T did receive something of value— money for mobile-telephone services provided to Brandy Phillips. However, AT & T was entitled to be paid for those services it provided. In this case, AT & T was not the party unjustly enriched by Phillips's use of Lewis's Visa to pay her phone bill— Phillips was unjustly enriched.

Affirmed.

MARTIN, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, Judge, concurring.

In his amended complaint, Robert David Lewis alleged that appellee AT & T Mobility was negligent because it allowed Brandy Phillips to use Lewis's debit-card number on numerous occasions to purchase items or pay her debts without presentation of the debit card, the card's pin number, or Lewis's signature or identification. I note that negligence turns on duty. Duty arises out of the recognition that relations between individuals may impose upon one a legal obligation for another. *See, e.g., Mans v. Peoples Bank of Imboden,* 340 Ark. 518, 10 S.W.3d 885 (2000). The question of what duty is owed to the plaintiff alleging negligence is one of law, and if no duty is owed, the negligence count is decided as a matter of law. *Id.*

If, for instance, Lewis had intended to assert that AT & T owed him a duty because he and AT & T were in a fiduciary relationship, he would have had to present factual underpinnings to establish a relationship of trust—a special relationship— between himself and AT & T. *Id.* For example, to establish a duty in the context of a bank and a customer, the relationship between them must be more than a debtor and creditor relationship, and for the relationship to be more, the customer must present the factual underpinnings for that special relationship. *Id.*

AT & T submitted an affidavit asserting that it had obtained all the information necessary to process a "card-not-present payment." While Lewis provided an affidavit setting forth the circumstances surrounding his discovery of the transactions between Phillips and AT & T, he did not present the factual underpinnings to establish that he and AT & T were in a special relationship such that any legal obligation was imposed upon AT & T. Thus, the circuit court properly granted summary judgment as a matter of law.