

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-113

|  |  |
|---|---|
| DENISE BROWN, AS ADMINISTRATRIX OF THE ESTATE OF CHARDA THOMAS<br>APPELLANT<br><br>V.<br><br>MARCIE JOHNSON<br>APPELLEE | **Opinion Delivered** August 28, 2013<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT, SECOND DIVISION [CV-3022-588-5-2]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant appeals from the circuit court's grant of summary judgment to appellee Marcie Johnson. On appeal, appellant argues that the trial count erred in granting appellee's motion for summary judgment despite the presence of genuine issues of material fact. We affirm.

On September 26, 2010, appellant's daughter, Charda Thomas, was a guest in a residence owned by appellee. A fire ignited in the residence, resulting in the total loss of the residence and Ms. Thomas's death. An incident report prepared by first responder and Fire Chief Harry Hickerson of the Altheimer Volunteer Fire Department (AVFD) indicated that there were no functioning smoke detectors present in the home.

SLIP OPINION

On September 23, 2011, appellant filed a suit against appellee as administratrix of Ms. Thomas's estate, alleging that negligence in maintaining the property in a safe manner led to Ms. Thomas's untimely death.

On July 9, 2012, appellee moved for summary judgment in the case, arguing that appellant failed to present any evidence sufficient to establish that appellee owed a legal duty to a guest of her tenant's invitee and that appellee was not required by statute or contract to provide smoke detectors in the residence. Appellee asserted in her motion that she had orally leased the residence in 2003 to Gloria Williams[1] shortly after purchasing it and was not obligated to provide or maintain smoke detectors by that oral lease agreement. Appellee's supporting affidavit repeated these statements and added that the residence had functioning smoke detectors and the AVFD's incident report was not prepared until the latter part of April or the early part of May 2011.[2]

In her response to appellee's motion, appellant stated her belief that there were material issues of fact in dispute with respect to who exercised control of the premises on September 26, 2010, and whether there were smoke detectors. Appellant asserted that Gloria Williams had moved from the premises earlier in 2010, and that the premises were being occupied at the time by Myron Johnson, appellee's son.[3] Appellant's assertions were supported by affidavits

---

[1]Gloria Williams is appellee's mother.

[2]Nowhere in the record is there an explanation of appellee's statement that the fire chief's incident report was not written until a much later date—only her bare assertion.

[3]In appellee's reply to appellant's response to appellee's motion for summary judgment, appellee asserted that Ms. Williams had moved out of the residence before the fire, but she continued to lease the residence until the fire in September 2010. The record actually reads

SLIP OPINION

from Delton Wright, an acquaintance of appellee and Ms. William, stating that Ms. Williams no longer lived at the residence and that it was currently occupied by Mr. Johnson, and Fire Chief Harry Hickerson, stating that he saw no smoke detectors and was told by Mr. Johnson that there were no functioning smoke detectors at the residence.[4]

On October 30, 2012, based on the parties' pleadings alone, the circuit court granted appellee's motion for summary judgment, finding that:

> The record reflects that the tenant occupied the premises pursuant to an oral lease. There is no proof in the record, by affidavit or otherwise that the Defendant agreed or undertook to maintain the premises. The Court finds that no genuine issue of material fact exists regarding the oral lease agreement. The Defendant in this case owed no duty to the deceased and cannot be held liable for her injuries and death.[5]

This timely appeal followed.

The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried.[6] Summary judgment is to be granted by a trial court if the pleadings, depositions, answers to interrogatories and admissions on file, together with

---

"September 2006 in the fire." It appears to have been a scrivener's error with appellee meaning September 2010 because this when the fire occurred.

[4]Mr. Johnson was present at the time of the fire, but he escaped.

[5]Appellant filed a motion for reconsideration on November 9, 2012, and an amended motion for reconsideration on November 15, 2012. The motion was deemed denied due to the circuit court's failure to rule on it. Appellant appeals only the October 30, 2012 order granting appellee's motion for summary judgment.

[6]*Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, — S.W.3d — (citing *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001); *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000)).

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[7]

When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact.[8] On appeal, we need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered.[9] In making this decision, we view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[10] Summary judgment should be denied if reasonable minds might reach different conclusions from the undisputed facts.[11]

Appellant argues that the circuit court erred in granting summary judgment to appellee because genuine issues of material fact are in issue. We do not reach this argument, as explained below.

The essential elements of a cause of action for negligence are that the plaintiff show a duty owed and a duty breached, and that the defendant's negligence was a proximate cause

---

[7]*Id.* (citing Ark. R. Civ. P. 56; *Pfeifer v. City of Little Rock*, 346 Ark. 449, 57 S.W.3d 714 (2001); *Mashburn v. Meeker Sharkey Fin. Grp., Inc.*, 339 Ark. 411, 5 S.W.3d 469 (1999)).

[8]*Grayson & Grayson, P.A. v. Couch*, 2012 Ark. App. 20, 12, 388 S.W.3d 96, 104 (citing *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006)).

[9]*Id.*

[10]*Id.*

[11]*Id.* (citing *Worley v. City of Jonesboro*, 2011 Ark. App. 594, 385 S.W.3d 908).

SLIP OPINION

of the plaintiff's damages.[12] The issue of whether a duty exists is always a question of law, not to be decided by a trier of fact.[13] Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other.[14] If no duty of care is owed, summary judgment is appropriate.[15] Proximate cause is defined, for negligence purposes, as that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.[16] Proximate cause is generally a question of fact, unless the evidence is such that reasonable minds cannot differ.[17]

While arguing that appellee failed to maintain the premises, appellant made no argument that appellee had a duty to maintain the premises and cited no legal authority on the same. Furthermore, appellant made no arguments detailing how appellee allegedly breached her alleged duty to Ms. Thomas or how appellee's alleged negligence was the cause of Ms. Thomas's death.

---

[12]*Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, at 13, ___ S.W.3d ___ (citing *Scott v. Cent. Ark. Nursing Ctrs., Inc.*, 101 Ark. App. 424, 278 S.W.3d 587 (2008)).

[13]*Nash v. Landmark Storage, LLC*, 102 Ark. App. 182, 186, 283 S.W.3d 605, 608 (2008) (citing *Lacy v. Flake & Kelley Mgmt., Inc.*, 366 Ark. 365, 235 S.W.3d 894 (2006)).

[14]*Wochos v. Woolverton*, 2010 Ark. App. 802, at 16, 378 S.W.3d 280, 289–90 (citing *Marlar v. Daniel*, 368 Ark. 505, 247 S.W.3d 473 (2007)).

[15]*Nash*, *supra* (citing *Lacy v. Flake & Kelley Mgmt., Inc.*, 366 Ark. 365, 235 S.W.3d 894 (2006)).

[16]*Watkins*, *supra*, 2012 Ark. App. at 14 (citing *Scott v. Cent. Ark. Nursing Ctrs., Inc.*, 101 Ark. App. 424, 278 S.W.3d 587 (2008)).

[17]*Id.* (citing *Phillippy v. ANB Fin. Servs., LLC*, 2011 Ark. App. 639, 386 S.W.3d 553).

Appellant stated that the residence had no functional smoke detectors and referenced the fire chief's incident report and affidavit to support that statement, but she ignored that the same report noted the cause of the fire was unknown. Furthermore, appellant proffered no other act or omission, beyond appellee's alleged duty to install smoke detectors, by which appellee's alleged negligence may have been the cause of the fire that led to Ms. Thomas's death. Therefore, even if we were to find that appellee had a duty to appellant, and we do not, appellant's claim would fail to meet the threshold necessary to prevent summary judgment because the record before us alleges, and shows, no breach and no proximate cause.

Affirmed.

GLOVER AND WOOD, JJ., agree.

*Marion A. Humphrey*, for appellant.

*The Barber Law Firm*, by: *William H. Edwards* and *Rick Behring, Jr.*, for appellee.