Kenneth S. Hixson, Judge, concurring. While I agree that there is no statutory, contractual, or common-law duty in this case, I am hesitant to broadly say that an electric company would not owe a duty under any circumstances when it leases its utility pole to a Rthird party. Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other. Marlar v. Daniel, 368 Ark. 505, 247 S.W.3d 473 (2007); Weisker v. Harvest Mgmt. Sub LLC, 2016 Ark. App. 220, 489 S.W.3d 696. Here, Northeast Arkansas Electric Cooperative (NAEC) leased its poles to a third-party utility. After a few years, the third-party utility left its cable lines unattended, and NAEC filed suit to force the third-party utility to remove the cable lines. In my opinion, it is unnecessary to reach the issue of whether a duty existed in this case. Even assuming that a duty existed, the circuit court additionally found in its order granting summary judgment that “[t]here is no evidence from which it can be inferred that NAEC knew or should have known of the dangerous condition presented by the low-hanging cable. Of note is the lack of evidence that regular inspections of the cable by NAEC would have exposed its dangerous condition in time for it to be repaired or replaced before the accident.” Thus, I would affirm based on the circuit court’s finding that Havner failed to provide any evidence of negligence.