DIXIE INSURANCE COMPANY *v.* JOE WORKS
CHEVROLET, INC.

88-217 766 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered February 27, 1989

*Wright, Lindsey & Jennings,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellee.

ROBERT H. DUDLEY, Justice. This case presents a question concerning an oral binder of insurance. The appeal comes to us from the granting of summary judgment in favor of appellee, Joe Works Chevrolet, Inc. We affirm the granting of summary judgment.

On April 28, 1987, appellee, Joe Works Chevrolet, Inc., sold an automobile to Patrice and Anthony Ford. As a prerequisite for the sale, the Fords were required to have insurance coverage on the vehicle which was effective before delivery. One of appellee's salesmen accompanied the Fords to the Wayne Smith Agency for the purpose of obtaining the necessary insurance coverage.

The Fords completed the application for insurance with a

representative of the Wayne Smith Agency who told them that upon execution of the application, coverage was effective immediately. It is undisputed that the Wayne Smith Agency is appellant's agent. The financing papers were forwarded to the offices of the General Motors Acceptance Corporation, the lienholder on the vehicle. Upon receiving the papers, a senior clerk for GMAC called the Wayne Smith Agency to verify insurance coverage before releasing appellee from a floor plan financing arrangement. Coverage was confirmed by the insurance agency representative who had handled the Fords' application. She told the GMAC clerk that Wayne Smith had binding authority for Dixie Insurance Company for seventy-two hours.

Within seventy-two hours the vehicle was involved in a collision which resulted in substantial damage. GMAC made demand, but appellant refused to honor the demand. GMAC subsequently reassigned an Act of Sale and Chattel Mortgage to appellee. This lawsuit followed with both parties moving for summary judgment.

The trial court denied appellant's motion, but granted that of appellee finding that at the time of the loss there was an oral binder of insurance for collision coverage on the automobile. This appeal followed.

Appellant first contends that the trial court erred in granting summary judgment to appellee because the Fords' premium check was not honored by the bank, and payment of the premium was a necessary condition for operation of the policy. Generally, payment of the premium is a necessary condition for the operation of a policy of insurance. *Leigh Winham, Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983). However, as explained in *Leigh Winham*, we recognize exceptions to that general rule. One of the exceptions is that effective oral binders are often issued prior to payment of the premium. *Id.* at 320. Therefore, appellant's first point has no merit because the trial court did not base coverage on the policy, but rather upon an oral binder.

Appellant's second point of appeal is that the trial court erred in granting summary judgment because the court's finding that an oral binder was issued was based on inadmissible evidence.

■ Facts stated in an affidavit must be admissible in evidence if they are to be relied upon in granting or denying summary judgment. *Organized Security Life Ins. Co v. Munyon,* 247 Ark. 449, 446 S.W.2d 233 (1969). Appellant argues that the statements contained in the affidavits of appellee's salesman and the GMAC senior clerk, asserting that they were told by representatives of the Smith Agency that those representatives had the authority to give an oral binder of insurance, are hearsay, and, therefore, not admissible in evidence. Appellant does not dispute the fact of an agency relationship between it and the Wayne Smith Agency. Rather, appellant asserts that inadmissible hearsay evidence was presented with respect to the *scope* of that agency relationship.

■ A.R.E. Rule 801(d)(2)(iv) provides in pertinent part:

(d) Statements Which Are Not Hearsay. A statement is not hearsay if:

. . .

(2) Admission by party-opponent. The statement is offered against a party and is . . . (iv) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, . . . .

It is undisputed that the statements in question were made by appellant's agent during the existence of the agency relationship. Therefore, in order to determine if the statements fall within the exception to the hearsay rule, and would be admissible evidence, it is only necessary to make a preliminary determination concerning whether the statements involved a matter within the scope of that agency relationship. That determination is more a matter of the substantive law of agency that the law of evidence. *See* J. Weinstein & M. Berger, 4 *Weinstein's Evidence* 801-211 to -212 (1987). Further, deciding whether the challenged statements are admissible in evidence does not involve a question of fact. Rather, it involves a question of law based upon the facts that have been presented.

■■ Neither agency nor the extent of an agent's authority can be shown by his own declarations in the absence of the party

to be affected. *Hawthorne* v. *Davis*, 268 Ark. 131, 594 S.W.2d 844 (1980). However, circumstantial evidence may be sufficient to establish the scope of agency, and the declarations of the purported agent may be used to corroborate other evidence of the scope of agency. *See id*. Further, it is no longer necessary that an agent be authorized by his principal to make a statement. *Missouri Pacific R.R. Co.* v. *Arkansas Sheriff's Boy's Ranch*, 280 Ark. 53, 655 S.W.2d 389 (1983).

 *Restatement (Second) of Agency* § 285 (1958) provides:

> § 285. *Statements as to Authority*
>
> Evidence of a statement by an agent concerning the existence or extent of his authority is not admissible against the principal to prove its existence or extent, *unless it appears by other evidence that the making of such statement was within the authority of the agent, or as to persons dealing with the agent, within the apparent authority or other power of the agent.*

(Emphasis added.) Further, in discussing the power of an agent to bind the insurer, the following explanation appears in Appleman, *Insurance Law and Practice* § 7230 (1981):

> Where an agent is furnished with indicia of authority by the insurer, it may be bound by his acts. Certainly such authority would seem to be present where the agent issues and delivers policies of the company. Where the evidence shows a holding out or apparent authority, the company is bound, if, in fact, he is an agent of the company.

Finally, we have long recognized that some statements, made by an admitted agent, are admissible as to the scope of employment. *See Golenternek* v. *Kurth*, 213 Ark. 643, 212 S.W.2d 14 (1948), and cases cited therein.

██ It is not disputed that the Wayne Smith Agency is appellant's agent. Appellee's salesman took the Fords to the Wayne Smith Agency for the express purpose of obtaining insurance coverage on the car that would be effective before delivery of the car. That intention was conveyed to a representative of the agency. The representative then completed an applica-

tion for the Fords that had appellant's name printed at the top and a label showing the agency's name and agent code number. The representative also inserted the date and time of April 28, 1987, 3:35 p.m., as the effective date of the policy. For the purpose of determining whether the statements would be admissible in evidence, those undisputed facts are sufficient circumstantial evidence that it was within the apparent authority of the agent to issue an oral binder of insurance. Consequently, the statements made by the representatives of the Wayne Smith Agency would be admissible in evidence, and, therefore, the trial court did not err in considering them.

■ Neither did the trial court err in concluding that an oral binder had been issued. The affidavits supporting appellee's motion for summary judgment established prima facie that there was no material issue of fact remaining and that an oral insurance binder had been issued which would cover the damage to the automobile. Appellant, on the other hand, offered nothing in response to the motion to show that material issues of fact remained.

Once the moving party has demonstrated prima facie that no material issue of fact remains, then the defending party must respond showing facts which would be admissible in evidence to create a factual issue. ARCP Rule 56; D. Newbern, *Civil Prac. & Proc.* 255 (1985). Since appellant did not do so, the trial court was correct in finding that a valid oral binder had been issued.

Affirmed.