Mike BLANKENSHIP and Tina Blankenship *v.* Hugh
BURNETT

90-240                                        803 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered February 11, 1991

*Robert S. Blatt* and *Morgan & Eisenbraun*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura Hensley Smith*, for
appellee.

JACK HOLT, JR., Chief Justice. This is a medical malpractice
case in which the appellants, Mike and Tina Blankenship,

contend that the trial court erred in refusing to give either of their tendered jury instructions on the theory of "lost chance." We disagree and affirm.

On March 23, 1985, Mike Blankenship was involved in a motorcycle accident in which he sustained severe injuries to his left leg and foot.

Mr. Blankenship was initially taken to St. Mary's Hospital in Russellville, but was subsequently transferred to Baptist Medical Center in Little Rock, where, in the course of his stay, he was treated by the appellee, Dr. Hugh Burnett, a vascular surgeon. The leg was later amputated below the knee.

The Blankenships filed suit against Dr. Burnett alleging that he was negligent in failing to properly diagnose and treat arterial insufficiency (insufficient blood flow) in the area of Mr. Blankenship's injury and that such failure led to progressive gangrene and the eventual amputation of Mr. Blankenship's left leg. Alternatively, the Blankenships alleged, under the theory of "lost chance," that Dr. Burnett's negligence deprived Mr. Blankenship, within "reasonable medical probability," of a substantial chance to save the leg.

The jury returned a verdict in favor of Dr. Burnett and from its decision, comes this appeal.

The theory of "lost chance," as espoused by the Blankenships, proposes that because Dr. Burnett was negligent in failing to properly diagnose and treat Mike Blankenship for arterial insufficiency, he substantially reduced the chance of saving Mr. Blankenship's leg. The Blankenships presented testimony with regard to this theory of recovery through their expert witness, Dr. Robert Atnip. They contend the trial court's refusal to submit at least one of their proposed instructions on "lost chance" was reversible error.

The proffered instructions comprised two variations of AMI 203. AMI 203, which was submitted to the jury in its original form, read:

> [Mike and Tina Blankenship] claim damages from [Dr. Hugh Burnett] and have the burden of proving each of three essential propositions:

First, that they have sustained damages;

Second, that [Dr. Burnett] was negligent; and

Third, that such negligence was a proximate cause of [the plaintiffs'] damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for [the plaintiffs], but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for [Dr. Hugh Burnett].

The Blankenships' proffered instructions changed the third proposition of AMI 203, the first of which stated:

Third, that such negligence was a proximate cause of Mike Blankenship's damages or the negligence of the defendant, Dr. Burnett, substantially reduced the chance of saving Mike Blankenship's left leg.

The other instruction provided:

Third, that such negligence of the defendant, Dr. Burnett, substantially reduced the chance of saving the Plaintiff's left leg.

In refusing the proffered instructions, the trial court stated: "The reason the court is rejecting Plaintiffs' proposed 1 and 2 is that the briefs and the precedents cited by Plaintiff are cases that are prior to the Arkansas Medical Malpractice Act; and 1501, I think is the only instruction that the court is allowed to give; and that's what the court is giving in this case."

Although the trial court mentioned AMI 1501 (which concerns the applicable standard of care) as "the only instruction that the court is allowed to give," it is obvious that the court meant that only model jury instructions could be given. This was evident from the court's statement to the Blankenships' counsel that ". . . [the jury] may treat that as part of a standard of care, this lost chance, but I think your only instruction is what is provided by AMI," and the fact that the court did give an array of AMI instructions.

The trial court expressed its concern that the jury be

instructed as to the plaintiffs' burden of proof, in accordance with the Arkansas Medical Malpractice Act of 1979, now codified at Ark. Code Ann. §§ 16-114-201 through 209 (1987 and Supp. 1989). Section 16-114-206(a) specifies that in any action for medical injury, the plaintiff must prove the applicable standard of care; that the medical provider failed to act in accordance with that standard; and that such failure was a proximate cause of the plaintiff's injuries. These requirements are reflected in the Arkansas Model Jury Instructions 203, 1501, and 501 which were given by the trial court.

■ The trial court's remarks were overbroad in declaring that the Blankenships were confined to use of AMI instructions only, since modifications of the AMI or other instructions may be given under appropriate circumstances. The court was correct, however, in ruling that the instructions must accurately reflect the statutory burden of proof requirements. Here, the proposed modifications of AMI 203 did not accurately state the plaintiffs' burden of proof as to proximate cause.

The use of the word "or" in the first instruction implies that a showing of proximate cause is necessary to prove negligence, but not to prove entitlement to damages under the "lost chance" theory. The second proposed instruction makes no mention of proximate cause at all.

■■ A trial court need not give an instruction that needs explanation, modification, or qualification. *Newman* v. *Crawford Const. Co.*, 303 Ark. 641, 799 S.W.2d 531 (1990). Also, when instructions are requested that do not conform to the Arkansas Model Jury Instructions, they should be given only when the trial judge finds the AMI instructions do not contain an essential instruction or do not accurately state the law applicable to the case. *Id*; *see also* our Per Curiam Order dated April 19, 1965. It is clear to us that the submission of AMI 203, in its standard form, correctly instructed the jury as to the burden of proof to be met under *any* theory of recovery in a medical malpractice action, including the Blankenships' theory of "lost chance."

■■ Each party has the right to have the jury instructed upon the law of the case with clarity and in such a manner as to leave no grounds for misrepresentation or mistake. *W.M. Bashlin Co.* v. *Smith*, 277 Ark. 406, 642 S.W.2d 525 (1982). It was not

error for the trial court to have refused proffered instructions where the model instructions accurately stated the law and where the proposed instructions were potentially misleading.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I concur. In my view, Dr. Atnip's testimony did not support a "loss of chance" instruction. As appellant points out, Dr. Atnip's opinion reflects that, without the arteriogram and an attempt to repair the circulatory insufficiency, the chance of saving Mr. Blankenship's leg was "extremely small." On the other hand, he said if Dr. Burnett had performed the arteriogram in accordance with the established standard of care, the amputation of Mr. Blankenship's leg could have been avoided to "a reasonable medical probability." Dr. Atnip offered no percentage of chance of loss due to Dr. Barnett's failure to perform the arteriogram. In light of Dr. Atnip's testimony, I believe the trial court's decision to give AMI 203 was a correct one.