

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00224-CR

MANUEL LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1248489D, Honorable George W. Gallagher, Presiding

March 27, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Manuel Lopez was convicted of continuous sexual assault of a child and sentenced to 25 years confinement. He argues on appeal that 1) the trial court erred in overruling his hearsay objection levied against testimony offered by a sexual assault nurse examiner, and 2) the evidence is insufficient to sustain the conviction. We affirm the judgment.

Appellant was charged with multiple sexual assaults of his girlfriend's son over several years. According to the victim, the assaults began when he was five and ended

when he was seven. At least six assaults were described by the victim, and they included appellant's touching of the child's penis with his hand and mouth and causing the child's hand and mouth to touch his own penis. Appellant denied committing the acts when he testified.

*Hearsay Evidence*

In his first issue, appellant contends the trial court should have sustained his hearsay objection to the sexual assault nurse examiner reiterating information garnered from the victim. The information was hearsay, according to appellant, because it did not satisfy the terms of Texas Rule of Evidence 803(4). In particular, he asserts that there was no evidence that 1) "the child was aware that his statements were made for the purposes of medical diagnosis or treatment and that proper diagnosis or treatment depended on the veracity of the statement," and 2) "the identity of the 'person who touched him' was necessary for treatment." We overrule the issue.

The standard of review is one of abused discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). Consequently, we cannot overturn the trial court's decision unless it fell outside the zone of reasonable disagreement. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

Next, under the category of statements not excluded by the hearsay rule are those made for purposes of medical diagnosis or treatment and describing medical, history, past or present symptoms, pain, sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis and treatment. TEX. R. EVID. 803(4). For the statements to be admissible, it must be shown that 1) the declarant was aware that they were made for purposes of

2

medical diagnosis or treatment and that proper diagnosis or treatment depended on the veracity of them, and 2) the particular statement offered is pertinent to treatment, which means it was reasonable for the health care provider to rely on the particular information in determining treatment. *Taylor v. State*, 268 S.W.3d 571, 589-91 (Tex. Crim. App. 2008); *Prieto v. State*, 337 S.W.3d 918, 920-21 (Tex. App.—Amarillo 2011, pet. ref'd).

Here, Arceli Desmarais (the sexual assault nurse examiner) testified that the physical examination of the victim was done at a hospital, that as part of the exam she obtains a health history and that she conducts a head-to-toe assessment which encompasses a detailed genital exam. Of concern to her (in conducting the exams) were the presence of infections, the presence of sexually transmitted diseases, the emotional and psychological well-being of the child, and the home environment. Her course of conduct included treating the patient for sexually transmitted diseases and obtaining cultures depending on what happened, when it happened, and the age of the child. She also testified that it was important for her to know whether there was danger in the home to which the child may be returning and that knowing the identity of the perpetrator was a necessity. Garnering information from the victim can also be used to refer the person to counseling or to shelters, according to Desmarais. The record further revealed that Desmarais informed the child 1) that she works for the hospital and takes care of children, 2) that "its real important for him to tell me the truth about what's going on so I know how to take care of him," and 3) that if he said his ear hurt but his stomach actually hurt, she would not be able to take care of him correctly. According to the same witness, the child victim knew both that he was there for medical diagnosis

3

and treatment and that she used what was told to her for medical diagnosis and treatment.

That the foregoing evidence was sufficient to illustrate 1) the child was aware of the purpose for his statements and that a proper diagnosis or treatment depended on the truth of them, and 2) the identity of the assailant was pertinent to the child's treatment falls within the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d at 591 (recognizing that obtaining the identity of the individual perpetrating an assault upon a child may be pertinent because it is important for a physician to discover the extent of the child's emotional injuries particularly when the perpetrator may be a family or household member and it is important to remove the child from the abusive environment); *see also Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd) (finding the evidence sufficient to satisfy Rule 803(4) when the child appeared calm and quiet and told the nurse she knew why she was there). Here, one could reasonably infer from the evidence that the declarant knew of the need to tell the truth, which thereby made the declarations sufficiently trustworthy to overcome a hearsay objection. *See Taylor v. State*, 268 S.W.3d at 588-89 (stating that "[a]bsent such an awareness on the declarant's part, we cannot be sure that the self-interested motive to tell the truth, making such statements sufficiently trustworthy to overcome a hearsay objection, is present"). Moreover, appellant acknowledged that "[i]n applying the medical treatment exception to cases involving child abuse, courts have allowed the victim's statements concerning the identity of the attacker to be admitted because treatment of child abuse must begin with removing the child from the abusive setting." The cases cited by appellant as so holding include *Fleming v. State*, 819 S.W.2d 237,

4

247 (Tex. App.—Austin 1991, pet. ref'd), *Beheler v. State*, 3 S.W.3d at 189, and *Molina v. State*, 971 S.W.2d 676, 683–84 (Tex. App.—Houston [14th Dist.] 1998, pet. refd).

As to the argument that Desmarais actually provided the child victim no medical attention, we cannot find the latter circumstance determinative. The hearsay exception at issue contemplates statements uttered during a process. That the process ultimately revealed no need for medical treatment does not render the statements made during it any less pertinent to the process of diagnosis. So, we do not read Rule 803(4) as requiring the examiner to actually discover and treat some malady before what was said during the process may be considered admissible.

*Sufficiency of the Evidence*

Next, appellant argues that the evidence was insufficient to sustain the conviction. We overrule the issue.

The standard of review is that discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). Furthermore, to win conviction, the State was required to prove that appellant, during a period that is 30 days or more in duration, committed two or more acts of sexual abuse against a child younger than fourteen and that appellant was seventeen or older. TEX. PENAL CODE ANN. § 21.02(b)(1)&(2) (West Supp. 2013). Appellant does not question the evidence of his age being 17 or older. Instead, he attacks the credibility of his victim. Yet, the victim, who was nine-years-old at the time of trial, was able to describe multiple assaults perpetrated upon him by appellant over a two-year period. This alone is sufficient to sustain the conviction. *See Cantu v. State*, 366 S.W.2d 771, 775 (Tex. App.—Amarillo 2012, no pet.) (stating that the testimony of the child victim alone, if believed, can sustain a conviction); *Connell v. State*, 233

5

S.W.3d 460, 466 (Tex. App.—Fort Worth, no pet.). To it, we add the testimony from the victim's mother. She described how appellant would touch the child's private parts when he played with him, how he gave the child baths to show him how to wash himself, and how he declared that the child was going to be a "faggot." Other evidence also revealed that the victim had become quiet, did not eat well, and did not want to stay with appellant. Collectively, this was enough to sustain the conviction under the standard mandated by *Brooks*.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.