

SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-592

|  |  |  |
|---|---|---|
| VENABLE ET AL. | | **Opinion Delivered** May 7, 2014 |
| | APPELLANTS | |
| V. | | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. CV-10-95-1] |
| FRED'S, INC., ET AL. | | HONORABLE SAM POPE, JUDGE |
| | APPELLEES | |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Julie Venable was prescribed and took twenty milligrams of Adderall daily from 2004 to 2008 as treatment for attention-deficit disorder. In late November 2008, her mother filled the prescription at a Fred's pharmacy in Dumas. A pharmacist misfilled the prescription with thirty-milligram Adderall pills, and Julie took the improper dosage for twenty-six days. When the error was discovered, she began taking the correct dosage. It took several days for the effects of the improper dosage to leave her body, and during that time, Julie had a psychotic breakdown for which she was hospitalized. Following the breakdown, Julie was diagnosed with bipolar disorder, and she continues to receive treatment.

Jesse and Ginger Venable, on behalf of their daughter, Julie, sued in the Desha County Circuit Court alleging medical negligence and breach of warranty. They appeal an order granting summary judgment for the appellees in which the trial court found that the appellants had failed to offer sufficient evidence to create a genuine factual dispute that the misfilled

prescription proximately caused Julie's psychotic breakdown and related subsequent bipolar disorder.

As a preliminary matter, we must consider whether this case is properly before this court. Whether an order is final and appealable is a jurisdictional question that may be raised by this court sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003). In their first amended complaint, the appellants sued for medical negligence and breach of warranty, but the motion for summary judgment, response, order for summary judgment, and final judgment do not mention the breach–of–warranty claim. Because the appellants abandon any pending but unresolved claims pursuant to Ark. R. App. P.–Civ. 3(e)(vi) in their notice of appeal, we find that the case is properly before this court and turn to whether the trial court erred in granting the motion for summary judgment.

Summary judgment is appropriate when there is no genuine question of material fact to be litigated. *Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 436, 5 S.W.3d 460, 462 (1999). The burden of proving that there is no genuine issue of material fact is on the movant, and all proof submitted must be viewed in the light most favorable to the party resisting the motion. *Wyatt v. St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 551, 868 S.W.2d 505, 508 (1994). Once the moving party establishes a prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate a genuine issue of material fact. *Id.* On appellate review, we determine if summary judgment was proper based on whether the evidence presented by the movant left a material question of fact unanswered. *Ford*, 339 Ark. at

2

436–37, 5 S.W.3d at 462. Any doubts and inferences must be resolved against the moving party. *Id*. To establish a medical injury, the plaintiff must prove the applicable standard of care; that the medical provider failed to act in accordance with that standard; and that such failure was a proximate cause of the plaintiff's injuries. *Id*.; *see also* Ark. Code Ann. § 16-114-206 (Repl. 2006). The appellants satisfy the first two elements of medical injury. Whether the appellants presented sufficient proof that the increased dosage of Adderall proximately caused Julie's injuries requires further analysis.

Arkansas Code Annotated section 16-114-206 implements the traditional tort standard of requiring proof that "but for" the tortfeasor's negligence, the plaintiff's injury would not have occurred. *Ford*, 339 Ark. at 437, 5 S.W.3d at 463. In medical-injury cases, it is not enough for an expert to opine that there was negligence that was the proximate cause of the alleged damages. The opinion must be stated within a reasonable degree of medical certainty. *Wal-Mart Stores, Inc. v. Kilgore*, 85 Ark. App. 231, 237, 148 S.W.3d 754, 758 (2004). However, Arkansas does not require any specific "magic words" with respect to expert opinions, and they are to be judged upon the entirety of the opinion, not validated or invalidated on the presence or lack of "magic words." *Id*. at 239, 148 S.W.3d at 759.

For purposes of this appeal, we will not consider the testimony of Dr. William Palmer, Julie's treating psychiatrist. Prior to the order granting summary judgment, the trial court entered an order, on the appellants' motion, which most notably struck Dr. Palmer from giving any expert testimony in this matter, and the order reflects that the trial court did not rely on any of Dr. Palmer's statements when it ruled on the motion for summary judgment.

3

For these reasons, our review of the expert testimony is limited to that given by Dr. Ronald Wauters.

The evidence presented by Dr. Wauters fails to establish a genuine issue of material fact regarding whether the misfilled Adderall prescription proximately caused Julie's injuries. When deposed, Dr. Wauters could not say whether the increased dosage of Adderall caused Julie's psychosis, he could not measure the role it played in her diagnosis as bipolar, and he did not know if she would have become bipolar but for the increased dosage of Adderall. He also testified that opinions expressed in a letter written by counsel for the appellants were his opinions to a reasonable degree of medical certainty. The letter provided that Dr. Wauters was expected to testify that (1) the triggering factor for Julie's breakdown was the increased dosage of Adderall; (2) the increased dosage of Adderall was not the sole cause of the breakdown, but more likely than not triggered an underlying medical condition that caused a breakdown that would not have otherwise occurred without an overdose; and (3) Julie did not suffer from any psychosis prior to the increased Adderall dosage. However, Dr. Wauters neither restated these opinions in his deposition or by affidavit nor offered an opinion that, but for the increased dosage of Adderall, Julie would not have been injured. In fact, as noted in the order granting summary judgment, Dr. Wauters stated during his deposition:

> DR. WAUTERS: . . . You are asking can I say with reasonable medical certainty that she would not have become bipolar had she not taken that dose?
>
> MR. HENDREN: Correct.
>
> DR. WAUTERS: We will never know that.

We reviewed all the evidence presented by the appellants, including Dr. Wauters's deposition testimony and the letter written by counsel for the appellants that contained opinions Dr. Wauters said he had adopted. Resolving all doubts in favor of the appellants, we cannot say that the evidence presented by the appellants created a genuine issue of material fact to be tried.

The appellants also argue that aggravation of a preexisting condition is cognizable under Arkansas law and rely on *Primm v. U.S. Fidelity & Guaranty Insurance Co.*, 324 Ark. 409, 922 S.W.2d 319 (1996), to support their position because there was evidence to suggest that Julie was more susceptible to psychosis and bipolar disorder. Even assuming that she had a preexisting condition that was aggravated by the misfilled prescription, the appellants failed to offer proof to establish that the misfilled prescription proximately caused her injury. Therefore, we need not further address this argument.

Affirmed.

PITTMAN and HARRISON, JJ., agree.

*M. Darren O'Quinn*; *Wm. Kirby Mouser*; and *Maxie G. Kizer*, for appellants.

*Friday, Eldredge & Clark, LLP*, by: *Jason B. Hendren* and *Kathryn A. Kirkpatrick*, for appellees.