Cite as 2024 Ark. App. 168

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-211

| | | |
|---|---|---|
| SHANE MANLEY | | **Opinion Delivered** March 6, 2024 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-22-568] |
| V. | | |
| | | HONORABLE LYNN WILLIAMS, JUDGE |
| JAMES ZIGRAS AND AVANT MINING, LLC | | |
| | APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Shane Manley appeals an order from the Circuit Court of Garland County granting summary judgment in favor of James Zigras and Avant Mining, LLC, arguing that questions of fact were in dispute, and therefore, summary judgment was not appropriate. We find no error and affirm.

James Zigras and Avant Mining, LLC (collectively Appellees), and Manley enjoyed a business relationship related to crystal mining in Garland County, Arkansas. After this business relationship deteriorated, disputes between the parties resulted in a lawsuit. The parties entered into a settlement agreement on November 7, 2016, (the "settlement agreement"), to resolve the lawsuit. The settlement agreement contains a no disparagement provision that applies to the parties' conduct on or after November 7, 2016. Manley brought this lawsuit for damages on the basis of an alleged breach of a nondisparaging agreement to

settle a previous lawsuit between himself and Zigras, which provides for liquidated damages of $250,000 if the settlement agreement was breached. Manley alleges that Zigras told Jim Coleman after the November 7, 2016, settlement that Manley was a thief, which is a violation of the nondisparaging agreement.[1]

In Zigras's motion for summary judgment, Zigras attached excerpts from Manley's deposition that admitted he did not know when the statements were made by Zigras, but Coleman told him they were made in Zigras's building. Also attached to the motion for summary judgment were excerpts from Zigras's deposition in which Zigras admitted he and Jim Coleman had a conversation in the summer of 2015 in which he said Manley would steal him blind as he did Zigras. He further testified in his deposition that the only persons present when this conversation took place at Zigras's building were Zigras and Coleman. At that time, Coleman was about to hire Manley in his own crystal-mining business. Zigras further testified in his deposition that when Coleman hired Manley, he stopped having any contact with Coleman because he didn't want to associate with Manley.

In his response to the motion for summary judgment, Manley provided an affidavit of Tony Thacker in which Thacker averred that Jim Coleman had told him that Zigras said "Shane Manley and I would steal him blind" and that the statement occurred after November 2019. Coleman died before he could be deposed, but he provided an affidavit in which he testified, "I am also aware that Mr. Zigras and Mr. Manley had a business dispute that resulted

---

[1]Manley previously filed a lawsuit with the identical allegations in 2019 but dismissed it prior to a summary-judgment hearing.

2

in a lawsuit. At some time during that dispute, I was in the offices of Mr. Zigras and he told me that Mr. Manley had stolen or misappropriated crystals from him, and that I should be careful doing business with him." Jim Coleman's affidavit—submitted by Zigras and attached to his motion for summary judgment—was executed on May 13, 2021.[2]

Also, in response to the motion for summary judgment, Manley submitted an affidavit by Ron Coleman, Jim Coleman's brother, wherein he stated he believed Jim was regularly confused and had long- and short-term-memory issues for two years and would not have known what he was signing or remembered the facts he stated in his affidavit.

Rule 56 of the Arkansas Rules of Civil Procedure governs disposition of summary-judgment cases. The object of summary-judgment proceedings is not to try the issues but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. Ark. R. Civ. P. 56; *Rowland v. Gastroenterology Assocs., P.A.*, 280 Ark. 278, 657 S.W.2d 536 (1983). Therefore, the first consideration in a motion for summary judgment is whether the moving party established a prima facie showing that he was entitled to summary judgment. The standard of review for summary judgment has often been stated; "In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered." *Mashburn v. Meeker Sharkey Fin.*

---

[2]Manley sought a deposition from Coleman before his death in December 2021. Manley tried to subpoena Coleman for a deposition on March 2, 2021, but it was not served until March 5, 2021. Mrs. Coleman communicated with counsel for Manley and Zigras that Coleman wanted to give his deposition as soon as he was physically able.

3

*Grp. Inc.*, 339 Ark. 411, 414, 5 S.W.3d 469, 471 (1999) (citing *Nixon v. H&C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991)). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes v. Outdoor Living Ctr., Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell v. St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison v. Charles E. Davis & Assocs., Inc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan v. City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991).

The sole issue in the summary-judgment motion is whether Zigras's statement to Coleman was made before the 2016 settlement agreement not to disparage each other or at some time later. To establish a prima facie case for summary judgment, Zigras submitted his own deposition testimony admitting he had told Jim Coleman to watch out for Manley because Manley would steal him blind "like he did to me." Zigras testified in his deposition that this conversation took place in the summer of 2015 at his warehouse. Zigras denied he had made any other disparaging statements about Manley since the settlement agreement was signed in 2016. Zigras also introduced the affidavit of Jim Coleman, who was the only other person privy to the conversation in 2015 in which Zigras stated Manley had stolen from him. Coleman's affidavit stated the statements were made "during the dispute" between Manley and Zigras, referencing the lawsuit that led to the settlement agreement. There was no testimony by Coleman that Zigras had repeated that statement to him after the settlement. In his deposition testimony, Manley admitted he did not know when the

4

statement was made to Coleman or when Coleman's statement was made to Thacker. Prima facie evidence is "evidence good and sufficient on its face. Such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which *if not rebutted or contradicted*, will remain sufficient." *Prima Facie Evidence*, *Black's Law Dictionary*, 1190 (6th ed. 1990) (emphasis added). The affidavits and deposition testimony of Zigras and Coleman established prima facie evidence there was not a material question of fact unanswered.

It is further well settled that once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See Ford Motor Credit Co. v. Twin City Bank*, 320 Ark. 231, 895 S.W.2d 545 (1995); *Wyatt v. St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 868 S.W.2d 505 (1994). We recognize a "shifting burden" in summary-judgment motions in that, while the moving party has the burden of proving that it is entitled to summary judgment, once it has done so, the burden then shifts to the nonmoving party to show that material questions of fact remain. *See Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 5 S.W.3d 460 (1999). When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Hughes W. World, Inc. v. Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980). Facts stated in an affidavit must be admissible in

evidence if they are to be relied upon in granting or denying summary judgment. *Dixie Ins. Co. v. Joe Works Chevrolet, Inc.*, 298 Ark. 106, 766 S.W.2d 4 (1989).

Once Zigras established prima facie evidence to support his motion, Manley then had the burden of meeting proof with proof. *Ford*, 339 Ark. 434, 5 S.W.3d 460. Manley submitted the affidavit of Ron Coleman, the brother of Jim Coleman, to the court. Ron Coleman's affidavit stated Jim had memory issues for the two years before the affidavit was signed, and he was regularly confused as to long- and short-term issues. Ron testified that he did not believe Jim "would have known what he was executing or remembered the facts contained in the affidavit he supposedly executed." In Arkansas, every person is presumed to be competent to be a witness. Ark. R. Evid. 601. The burden is on the opposing party to show incompetency. *Modlin v. State*, 353 Ark. 94, 98, 110 S.W.3d 727, 729 (2003). Rule 56(e) of the Arkansas Rules of Civil Procedure requires that an affidavit provided for or against a motion for summary judgment be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. The supreme court has stated that affidavits that are conclusory rather than factual are insufficient. *McDonald v. Eubanks*, 292 Ark. 533, 731 S.W.2d 769 (1987). Likewise, speculation and conjecture are not sufficiently definite or precise to prove a genuine issue of material fact. In *Sundeen v. Kroger*, 355 Ark. 138, 147, 133 S.W.3d 393, 399 (2003), the supreme court affirmed a grant of summary judgment where an affidavit offered by the plaintiff contained nothing more than conclusory allegations with no proof to support same. Affidavits of general denial are insufficient to

support a motion for summary judgment. *Brewington v. St. Paul Fire & Marine Ins. Co.*, 285 Ark. 389, 687 S.W.2d 838 (1985).

Here, Ron Coleman's affidavit did not show he was present with Jim on the date the affidavit was signed nor was there any testimony that he saw his brother in the days immediately before or after the affidavit was signed to allow him to know Jim's mental state when the affidavit was signed. Thus, Ron had no personal knowledge of his brother's ability to recall past events on the date he signed the affidavit or immediately before or after the affidavit was signed. *In Donaldson v. Johnson*, 235 Ark. 348, 353, 359 S.W.2d 810, 813 (1962), the court concluded that the question was Donaldson's mental condition at the time the deed was executed: "It is not a question as to mental condition before or on the afternoon of the day on which she executed the deed, but in the morning at the time the deed was signed did she have the capacity that is demanded by the authority quoted above." Moreover, Ron did not allege in his affidavit that there was medical evidence to support his conclusion that Jim was unable to know what he signed. Ron Coleman's affidavit does not show he had personal knowledge of Jim Coleman's ability to recall the events he testified to in his affidavit as required pursuant to Arkansas Rule of Civil Procedure 56(e). Thus, Manley did not prove by a preponderance of the evidence that Jim Coleman was incompetent to provide an accurate, reliable affidavit as to the material fact in issue.

Manley also submitted the affidavit of Tony Thacker to show Coleman stated Zigras had violated the settlement agreement. In his affidavit, Thacker states that Jim Coleman told him about the conversation Coleman had with Zigras wherein Zigras told Coleman that

Manley was stealing from him. Thacker's affidavit stating Coleman told him what Zigras said is clearly hearsay and inadmissible. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801. Hearsay is not admissible except as provided by the Arkansas Rules of Evidence or by statute. Ark. R. Evid. 802; *Hall v. State*, 315 Ark. 385, 393, 868 S.W.2d 453, 457 (1993). Facts stated in an affidavit must be admissible in evidence if they are to be relied upon in granting or denying summary judgment. *Dixie Ins. Co.*, 298 Ark. 106, 766 S.W.2d 4. It is well-established law in Arkansas that because hearsay is not admissible, it cannot be considered nor accepted as a court's basis for finding a genuine issue of material fact in a summary-judgment analysis. *See Am. Gamebird Rsch. Educ. & Dev. Found., Inc. v. Burton*, 2017 Ark. App. 297, at 5, 521 S.W.3d 176, 178 (reversing grant of summary judgment where hearsay evidence was improperly admitted because if "hearsay is offered, and would not be admissible at trial, the hearsay is not considered in the summary-judgment analysis").

Manley argues that the affidavit of Tony Thacker shows a genuine issue of material fact is present and defeats the summary-judgment motion. Manley argues that he is offering Thacker's statement not for the truth of the matter asserted but only to show it was said. An out-of-court statement is not hearsay if it is offered, not to prove the truth of the matter asserted, but to show the basis of action or course of conduct. *Martin v. State*, 316 Ark. 715, 875 S.W.2d 81 (1994); *Bliss v. State*, 282 Ark. 315, 668 S.W.2d 936 (1984). The affidavit does not present any evidence to show a basis for an action by either Coleman or Zigras nor

8

does it show a course of conduct by Zigras. On the one hand, Manley asks the court to consider Thacker's hearsay statement not for the truth of the matter asserted, but at the same time, he asks the court to accept into evidence Thacker's affidavit as true for purposes of creating a genuine issue of material fact, thereby defeating summary judgment. A litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case. *Wenderoth v. City of Fort Smith*, 256 Ark. 735, 510 S.W.2d 296 (1974). In this case, even if the affidavit had been admitted, it would show only that Coleman made a statement to Thacker that Zigras had made the accusation at some point in time but does not provide evidence to show whether the statement was made in 2015 or after the settlement agreement had been signed.

Pursuant to Arkansas Rules of Evidence 803(24) and 804(b)(5), Manley then argues that the rarely used residual-hearsay exception applies, and the hearsay should have been allowed. The supreme court carefully noted in *Hill v. Brown*, 283 Ark. 185, 672 S.W.2d 330 (1984), that all the common-law exceptions to the hearsay rule are based either on necessity or on some compelling reason for attaching more than average credibility to the hearsay, and any new exception must have circumstantial guarantees of trustworthiness equivalent to those supporting the common-law exceptions. Consequently, any new exception must have, in the language of the rule, circumstantial guarantees of trustworthiness equivalent to those supporting the common-law exceptions. *Hill, supra; Blaylock v. Strecker*, 291 Ark. 340, 350, 724 S.W.2d 470, 476 (1987). In determining that trustworthiness, the court must, under the language of the residual-hearsay rule, determine that (1) the statement is offered as

9

evidence of a material fact, (2) the statement is more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts, and (3) the general purposes of these rules and the interests of justice will best be served by admission of the statements into evidence.

Manley failed to offer any evidence that the affidavit had "circumstantial guarantees of trustworthiness" as required for admissibility under Rules 803(24) or 804(b)(5). In this case, there are no circumstantial guarantees of trustworthiness because Thacker did not have knowledge of when the conversation between Zigras and Coleman took place, only that Coleman told Thacker about the conversation after 2019. In these circumstances, we cannot say the court abused its discretion by refusing to allow the affidavit to be admitted under the residual-hearsay exception.

Manley also argues that the affidavit should be admitted because it is probative of the issue and because he was denied the opportunity to depose Jim Coleman before his death. Therefore, Thacker's affidavit should be admitted in the interest of justice. Thacker's affidavit is not more probative than any other evidence obtained by either party through reasonable efforts. Zigras was able to get probative admissible evidence by reasonable efforts, as evidenced by the transcripts from Zigras's and Manley's depositions as well as Coleman's affidavit. Zigras testified about his statement to Coleman and the timing of same, which was consistent with Coleman's affidavit that exists as sworn testimony about this same conversation. Here, there were emails between counsel regarding Coleman's deposition, but other than a deposition notice that was not served until after the deposition date, Manley

did not seek a court order or any other discovery aid to facilitate the taking of Coleman's deposition. Mrs. Coleman even told Manley she would notify counsel for both parties when he was able to be deposed. There is no evidence that Manley replied to this email. Manley had two years to obtain testimony through affidavit or deposition from Coleman from the date he filed his initial suit in 2019 until Coleman's death on December 10, 2021.

Summary judgment should be upheld if a party fails to diligently discover evidence it claims is necessary to defend its complaint. *RWR Props., Inc. v. Young*, 2009 Ark. App. 332, at 8–10, 308 S.W.3d 183, 187–88 (affirming summary judgment where a party had every opportunity to obtain complete discovery because otherwise "a party could always prevent summary judgment from being granted" when it fails to diligently pursue discovery). There was no evidence Manley made reasonable efforts to secure Coleman's deposition. Under these facts, the residual-hearsay exception is not applicable because Manley has not shown some compelling reason for attaching more than average credibility to the hearsay for trustworthiness nor is there evidence the best interest of justice would be served if the hearsay affidavit was admitted.

After a careful review of the record, we find that, boiled down to its essence, Manley did not know if or when Zigras made the statement to Coleman; Ron Coleman's affidavit was conclusory because he was not present when Jim's affidavit was signed, nor was there any indication he was there immediately before or after the affidavit was signed; and Thacker's affidavit is inadmissible hearsay and does not fit any exception to Arkansas Rules

11

of Evidence 801, 803, or 804.  We find no error in the circuit court's grant of summary judgment.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellant.

*Rose Law Firm, a Professional Association*, by: *Betsy Baker* and *Nancy Smith*, for appellees.