Cite as 2024 Ark. App. 406

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-415

| | |
|---|---|
| TRACEY HOLLINGSWORTH<br><br>APPELLANT<br><br>V.<br><br>LONELY CREEK KENNELS, TIMOTHY C. WORLEY, SONYA K. WORLEY, JEANNA CARRILHO, AND JOHN DOES I–X<br><br><br>APPELLEES | Opinion Delivered September 4, 2024<br><br>APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NO. 44CV-21-1]<br><br>HONORABLE JOHN C. THREET, JUDGE<br><br>AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Tracey Hollingsworth appeals the summary judgment granted by the Madison County Circuit Court in favor of appellees Sonya Worley, Tim Worley, and Lonely Creek Kennels. We affirm.

Appellants Sonya Worley and Tim Worley d/b/a Lonely Creek Kennels own a dog-breeding business specializing in bull mastiffs. Hollingsworth began working for the Worleys in November 2018, and from the time her employment began until March 2019, Hollingsworth did not have any issues with the dogs—including a bull mastiff named Ransom—on the Worleys' property. In early to mid-February 2019, Jeanna Carrilho boarded her dog, Ransom, at the Worleys' kennel. Jeanna told the Worleys that she needed to board Ransom at Lonely Creek Kennels because (1) she and Ransom were living with her friend when Jeanna relocated for her job, and Ransom continued to live with Jeanna's friend until Jeanna found a house; (2) Jeanna

purchased a house infested with bats, and it was unsafe for Ransom to live there, so Ransom continued to live with her friend; (3) Jeanna's friend passed away in December 2018, and the apartment Jeanna rented after moving out of her bat-infested house was not suitable for Ransom; and, as a result, (4) Jeanna asked the Worleys to board Ransom while she sought a suitable place to live and recovered from a surgery that was scheduled for January 2019. Jeanna further informed the Worleys that Ransom was a kind and gentle dog. The Worleys had no basis to refute these facts and did not dispute Jeanna's statement that "there was no reason for anyone, including the Worleys, to know that Ransom would act violently or that Ransom may act violently or attack anyone" or that "Ransom was other than a kind, loving, non-violent dog."

On March 19, 2019, Ransom attacked Hollingsworth while she was in Ransom's kennel. At that time, Ransom had been on the Worleys' property for approximately a month and a half with no issues. According to Hollingsworth, neither she nor the Worleys were aware that Ransom had any behavioral issues, and Hollingsworth acknowledged that the simple fact that Ransom is a bull mastiff did not make him dangerous. After the attack, Sonya Worley was notified by Jeanna that Ransom had snapped at her twice. Hollingsworth argues that the Worleys should be held responsible because they did not specifically ask Jeanna whether Ransom had ever bitten anyone.

The material facts of the case are undisputed, and the issue is one of law. Hollingsworth asks the court to deny the motion for summary judgment because she was a business invitee, and the Worleys should have made reasonable efforts to determine if Ransom had a bite history.

Rule 56 of the Arkansas Rules of Civil Procedure governs disposition of summary-judgment cases. The object of summary-judgment proceedings is not to try the issues but to

2

determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. Ark. R. Civ. P. 56; *Rowland v. Gastroenterology Assocs., P.A.*, 280 Ark. 278, 657 S.W.2d 536 (1983). Therefore, the first consideration in a motion for summary judgment is whether the moving party established a prima facie showing that he or she was entitled to summary judgment. The standard of review for summary judgment has often been stated as follows: "In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered." *Mashburn v. Meeker Sharkey Fin. Grp. Inc.*, 339 Ark. 411, 414, 5 S.W.3d 469, 471 (1999) (citing *Nixon v. H&C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991)). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes v. Outdoor Living Ctr., Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell v. St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison v. Charles E. Davis & Assocs., Inc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan v. City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991).

It is further well settled that once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See Ford Motor Credit Co. v. Twin City Bank*, 320 Ark. 231, 895 S.W.2d 545 (1995); *Wyatt v. St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 868 S.W.2d 505 (1994). We recognize a "shifting burden" in summary-judgment motions in that, while the moving party has the burden of proving that it

is entitled to summary judgment, once it has done so, the burden then shifts to the nonmoving party to show that material questions of fact remain. *See Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 5 S.W.3d 460 (1999). When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Hughes W. World, Inc. v. Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980). Facts stated in an affidavit must be admissible in evidence if they are to be relied on in granting or denying summary judgment. *Manley v. Zigras*, 2024 Ark. App. 168, 686 S.W.3d 561; *Dixie Ins. Co. v. Joe Works Chevrolet, Inc.*, 298 Ark. 106, 766 S.W.2d 4 (1989).

In deciding issues of law, our standard of review is de novo. De novo review means that the entire case is open for review. A circuit court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *First Nat'l Bank of Izard Cnty. v. Old Republic Nat'l Title Ins. Co.*, 2022 Ark. App. 440, 655 S.W.3d 108. However, the question of whether a duty is owed is always a question of law and never one of fact for the jury. *Bartley v. Sweetser*, 319 Ark. 117, 890 S.W.2d 250 (1994); *see also Bryant v. Putnam*, 322 Ark. 284, 908 S.W.2d 338; *65th Center, Inc. v. Copeland*, 308 Ark. 456, 825 S.W.2d 574 (1992).

Hollingsworth argues that as an independent contractor, she was a business invitee of the Worleys. She argues that because she was a business invitee, the Worleys had a duty to maintain the premises in a reasonably safe condition, including the duty to protect from dangers that might have been discovered if they had used reasonable care. The duty owed to invitees is much broader and the basis for a property owner's liability is the superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or

4

should not know. *See AutoZone v. Horton*, 87 Ark. App. 349, 192 S.W.3d 291 (2004); *see also* Restatement (Second) of Torts § 343A(1) (1965). It is undisputed that Hollingsworth was a business invitee because she was an independent contractor hired to clean the dog kennels and to feed and water the dogs. It would have been clear to Hollingsworth that bull mastiffs are large dogs, and she admitted the breed does not have a reputation as being violent. As the court explained in *Hope Medical Park Hospital v. Varner*, 2019 Ark. App. 82, at 5–6, 568 S.W.3d 818, 822 (citations omitted):

> A property owner has a duty to exercise ordinary care to maintain his or her premises in a reasonably safe condition for the benefit of his or her invitees. The property owner is liable if he or she has superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know.
> In Arkansas, a landowner generally does not owe a duty to a business invitee if a danger

is known or obvious. The duty to warn an invitee of a dangerous condition applies only to defects or conditions that are in the nature of hidden dangers, traps, snares, pitfalls, and the like in that they are known to the inviter but not known to the invitee and would not be observed by the latter in the exercise of ordinary care. There is no duty to guard against merely possible, as opposed to probable, harm. In *Van Houten v. Pritchard*, 315 Ark. 688, 870 S.W.2d 377 (1994), the court recognized that dogs belong to a class of animals that is unlikely to cause injury.

Here, the affidavits presented by the Worleys in support of their motion for summary judgment do not leave a material question of fact unanswered, *see Reynolds v. Shelter Mut. Ins. Co.*, 313 Ark. 145, 852 S.W.2d 799 (1993), nor do Hollingsworth's affidavits present a genuine issue as to any material fact. *See Wyatt, supra.* In fact, none of the affidavits filed by either party put into dispute any of the facts alleged by the other. Instead, the parties agreed that the Worleys did not know that Ransom had violent tendencies. The parties agreed that the Worleys did not

know Ransom had snapped at Jeanna in the past until two or three weeks after Hollingsworth had been bitten. Ransom had been at the Worleys' kennel for a month and a half prior to the bite with no reason for the Worleys or Hollingsworth to suspect the dog had violent tendencies. Ransom was in its kennel when Hollingsworth was attacked as she was carrying out her duties. There was no dispute that Jeanna told the Worleys that Ransom was a kind, loving pet who was good with children and was nonviolent, even with other dogs. Hollingsworth's sole allegation was that the Worleys should have specifically asked Jeanna whether Ransom had ever bitten anyone. There is no case law that would support such a requirement. A reasonable effort was made by the Worleys to determine why Jeanna wanted to board Ransom at Lonely Creek Kennels and if there were any issues with the dog.

Affirmed.

HARRISON, C.J., and ABRAMSON, J., agree.

*Daniels Law Firm, PLLC*, by: *Willliam Haslam*, for appellant.

*Taylor Law Partners, LLP*, by: *Andrew Myers*, for appellees.